ELECTRONICALLY FILED - 2022 Mar 25 1:26 PM - AIKEN - COMMON PLEAS - CASE#2022CP0200685

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF AIKEN | ) | FOR THE SECOND CIRCUIT |
| | ) | |
| DANIELLE COAKLEY, | ) | |
| | ) | CASE NO. 2022-CP-02- |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | |
| | ) | **SUMMONS** |
| ROBERT FRANKLIN YOUNG, and | ) | |
| FINISH LINE TRUCKING, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

TO THE DEFENDANT NAMED ABOVE:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this Complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

THE MELONAKOS LAW FIRM
416 E. North Street
Greenville, SC  29601
864-485-5555
864-752-1600 (Fax)
ryan@scinjuryattorney.com
mike@scinjuryattorney.com

s/ Ryan P. Alderson
Ryan P. Alderson, Esq.
SC Bar No. 103126
Michael Melonakos, Esq.
SC Bar No. 100387
*Attorneys for Plaintiff*

ELECTRONICALLY FILED - 2022 Mar 25 1:26 PM - AIKEN - COMMON PLEAS - CASE#2022CP0200685

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF AIKEN | ) | FOR THE SECOND CIRCUIT |
| | ) | |
| DANIELLE COAKLEY, | ) | |
| | ) | CASE NO. 2022-CP-02- |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **(Jury Trial Demanded)** |
| ROBERT FRANKLIN YOUNG, and | ) | |
| FINISH LINE TRUCKING, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

COMES NOW, Danielle Coakley, by and through the undersigned counsel of record and file this Complaint for Damages against Defendants Robert Franklin Young and Finish Line Trucking, and hereby shows this Honorable Court as follows:

## PARTIES, JURISDICTION, VENUE, AND SERVICE OF PROCESS

1.  The Plaintiff is a citizen of the State of Arizona and by bringing this action subjects herself to the jurisdiction of this Court.

2.  Defendant Robert Franklin Young (hereinafter "Defendant Young") is domiciled in the State of North Carolina and is subject to the jurisdiction of this Court. Defendant Young may be served with process at 4836 Cheviot Road, Charlotte, North Carolina 28269.

3.  Defendant Finish Line Trucking (hereinafter "Defendant Finish Line") is a limited liability company organized and registered in the State of North Carolina. Defendant Finish Line conducts business and travels over the roadways of the State of South Carolina and is subject to the jurisdiction of the Court. It may be served with process through its registered agent: Edward Garcia, 100 Oasis Lane, Mooresville, North Carolina 28117.

4.  The collision that forms the basis of this Complaint occurred in Aiken County, South Carolina.

5.  Venue and jurisdiction are proper for the forgoing reasons.

ELECTRONICALLY FILED - 2022 Mar 25 1:26 PM - AIKEN - COMMON PLEAS - CASE#2022CP0200685

## FACTUAL BACKGROUND

6.   On or about May 13, 2019, the Plaintiff was the driver of a 2016 Buick and was lawfully traveling east on I-20 in Aiken County, South Carolina.

7.   At the same time, Defendant Young was operating a 2004 Freightliner tractor trailer and was traveling eastbound on I-20 in Aiken County, South Carolina.

8.   Defendant Young's tractor trailer was owned by Defendant Finish Line and Defendant Young was acting within the course and scope of his employment with Defendant Finish Line.

9.   Defendant Young was operating the vehicle at the direction of, and to further the interests of, Defendant Finish Line.

10.  On the date and approximate time in question, Defendant Young was driving his tractor trailer too fast for conditions.

11.  This collision involved five (5) vehicles.

12.  The Plaintiff's vehicle was number two (2) in the line of vehicles.

13.  Defendant's tractor trailer was number five (5) in the line of vehicles.

14.  Vehicles one (1) through four (4) were slowing for traffic on I-20 when Defendant Young's tractor trailer struck the Plaintiff's vehicle (2) and vehicles three (3) and four (4).

15.  As a result of being struck by Defendant Young's tractor trailer, the Plaintiff's vehicle (2) was pushed into vehicle one (1) and eventually came to rest across the center line.

16.   Defendant Young's tractor trailer then jackknifed and struck a guardrail.

17.  The force of the collision caused damage to all five (5) vehicles, including Plaintiff's vehicle, and caused injuries to the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### (Negligence and Recklessness)

18.  The Plaintiff repeats the foregoing allegations as if repeated here, verbatim.

ELECTRONICALLY FILED - 2022 Mar 25 1:26 PM - AIKEN - COMMON PLEAS - CASE#2022CP0200685

19. Defendant Young owed the Plaintiff certain duties, including, but not limited to, duties of care to:

    a.    operate his tractor trailer in a reasonably safe manner;

    b.    obey the rules of the road;

    c.    obey the statutes that govern the operation of motor vehicles on the roadways of South Carolina;

    d.    leave a safe distance between his tractor trailer and other vehicles;

    e.    slow his vehicle as required by traffic and/or road conditions;

    f.    safely merge at a reasonable and safe location and time when indicated by highway and/or construction signs;

    g.    perform other duties as will be shown through discovery and at trial.

20. Breaches of that duty of care constitute negligence and sometimes recklessness.

21. Defendant Young breached his duty of care to the Plaintiff in one or more of the following ways:

    a.    failing to apply brakes or failing to maintain brakes in a safe operating condition;

    b.    failing to keep a proper lookout;

    c.    failing to maintain a safe distance while traveling near the Plaintiff;

    d.    failing to keep his tractor trailer under proper control;

    e.    failing to slow his tractor trailer by reason of traffic and/or road conditions;

    f.    failing to yield right of way;

    g.    failing to safely merge at a reasonable and safe location and time when indicated by highway and/or construction signs;

    h.    driving too fast for conditions; and

    i.    in such other ways as will become evident through discovery.

22. As a direct and proximate result of Defendant Young's negligence and recklessness, the Plaintiff has suffered some, or all, of the following injuries and damages:

    a.    expenses for medical care and treatment, in the past, present, and future;

    b.    physical pain and suffering;

    c.    emotional trauma;

    d.    partial and permanent impairment of physical function;

    e.    inconvenience;

ELECTRONICALLY FILED - 2022 Mar 25 1:26 PM - AIKEN - COMMON PLEAS - CASE#2022CP0200685

f.  temporary and permanent partial inability to engage in activities of daily living;

g.  lost time and opportunity to earn income;

h.  property damage;

i.  loss of enjoyment of life; and

j.  other damages that will be shown through discovery and at trial.

## FOR A SECOND CAUSE OF ACTION

### (Negligent Entrustment)

23. The Plaintiff repeats the foregoing allegations as if repeated here, verbatim.

24. Defendant Finish Line is liable under the doctrines of respondeat superior and/or vicarious liability for the tortious acts and/or omissions of its agents, employees, and/or servants, including Defendant Young.

25. Defendant Finish Line is liable for failing to properly instruct, train, and supervise Defendant Young.

26. Defendant Finish Line is liable for negligently instituting, either expressly or by implication, policies and/or practices that encourage its drivers to operate tractor trailers in an unsafe or imprudent manner.

27. The express or implied institution of these policies and/or practices can foreseeably compromise the safety of other drivers on the roadway, like the Plaintiff in this situation.

28. Together with the negligence of Defendant Young, the acts and omissions committed by Defendant Finish Line directly and proximately caused the subject collision and the injuries ultimately sustained by the Plaintiff.

29. Defendant Finish Line is liable, along with Defendant Young, for the injuries and damages Plaintiff suffered as a direct and proximate result of Defendants' negligence, which will be shown through discovery and at trial.

30. Defendant Finish Line negligently entrusted Defendant Young with the task of driving its tractor trailer in furtherance of Defendant Finish Line's financial and business interests.

31. As a direct and proximate result of that negligent entrustment, the Plaintiff has suffered some, or all, of the injuries and damages listed above in Paragraph No. 22.

## FOR A THIRD CAUSE OF ACTION

### (Negligent Hiring)

32. The Plaintiff repeats the foregoing allegations as if repeated here, verbatim.

33. The Plaintiff is further entitled to damages from Defendant Finish Line due to its negligent hiring and contracting with Defendant Young to haul goods over interstate highways when it knew, or should have known, that Defendant Young was not a safe driver, and it was likely that some injury would occur.

34. As a result of said negligent hiring, the Plaintiff has suffered some, or all, of the injuries and damages listed above in Paragraph No. 22.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for a jury trial, and judgment against the Defendants for actual damages, punitive damages, nominal damages, the costs of this action, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE MELONAKOS LAW FIRM
416 E. North Street
Greenville, SC 29601
864-485-5555
864-752-1600 (Fax)
ryan@scinjuryattorney.com
mike@scinjuryattorney.com

s/ Ryan P. Alderson
Ryan P. Alderson, Esq.
SC Bar No. 103126
Michael Melonakos, Esq.
SC Bar No. 100387
*Attorneys for Plaintiff*

ELECTRONICALLY FILED - 2022 Mar 25 1:26 PM - AIKEN - COMMON PLEAS - CASE#2022CP0200685

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
COUNTY OF AIKEN ) FOR THE SECOND CIRCUIT
)
DANIELLE COAKLEY, )
)
         PLAINTIFF, ) CASE NO. 2022-CP-02-00685
)
v. )
)
) **CERTIFICATE OF SERVICE**
ROBERT FRANKLIN YOUNG, and )
FINISH LINE TRUCKING, )
)
         DEFENDANTS. )
_____)

Pursuant to SCRCP § 4(d)(8), the undersigned served Finish Line Trucking with a copy of the

Summons and Complaint along with Plaintiff's Interrogatories, Requests for Production, and

Requests for Admission in the above-referenced case by United States certified mail with return

receipt requested and delivered to Finish Line Trucking by its registered agent, Edward Garcia,

100 Oasis Drive, Mooresville, North Carolina, on **3/30/2022** as evidenced by the attached return

of service.

This 4th day of April 2022.

THE MELONAKOS LAW FIRM      s/ Ryan Alderson
416 E. North Street      Ryan Alderson, Esq.
Greenville, SC 29601      SC Bar No. 103126
864-485-5555      Michael Melonakos, Esq.
864-752-1600 (Fax)      SC Bar No. 100387
ryan@scinjuryattorney.com      *Attorneys for Plaintiff*
mike@scinjuryattorney.com

ELECTRONICALLY FILED - 2022 Apr 04 10:50 AM - AIKEN - COMMON PLEAS - CASE#2022CP0200685

## Electronic Delivery Confirmation™

ELECTRONICALLY FILED - 2022 Apr 04 10:50 AM - AIKEN - COMMON PLEAS - CASE#2022CP0200685

# USPS CERTIFIED MAIL™

The Melonakos Law Firm
416 E NORTH ST
GREENVILLE SC 29601-3005

**USPS CERTIFIED MAIL**



**9414 8118 9876 5841 1889 35**

$7.56    **US POSTAGE**
**FIRST-CLASS**
Mar 28 2022
Mailed from ZIP 29601
5 oz First-Class Mail Flats Rate

11923275



062S0012913542

Finish Line Trucking
Edward Garcia
100 OASIS DR
MOORESVILLE NC 28117-8924

| | |
|---|---|
| Reference | Danielle Coakley |
| USPS # | 9414811898765841188935 |
| USPS Mail Class | Certified with Return Receipt (Signature) |
| USPS Status | Your item has been delivered to an agent for final delivery in MOORESVILLE, NC 28117 on March 30, 2022 at 1:09 pm. |
| USPS History | Out for Delivery, 03/30/2022, 8:24 am, MOORESVILLE, NC 28117 |
| | Arrived at Post Office, 03/30/2022, 8:13 am, MOORESVILLE, NC 28117 |
| | Departed USPS Regional Facility, March 29, 2022, 3:41 pm, CHARLOTTE NC DISTRIBUTION CENTER |
| | Arrived at USPS Regional Facility, March 29, 2022, 9:37 am, CHARLOTTE NC DISTRIBUTION CENTER |
| | Arrived at USPS Regional Origin Facility, 03/28/2022, 10:08 pm, GREENVILLE SC DISTRIBUTION CENTER |
| | Accepted at USPS Origin Facility, March 28, 2022, 8:53 pm, GREENVILLE, SC 29601 |
| | Shipping Label Created, USPS Awaiting Item, March 28, 2022, 1:42 pm, GREENVILLE, SC 29601 |

**Electronic Delivery Confirmation Report © 2022 Certified Mail Envelopes, Inc. All rights reserved.**
The data collected for this mail label was authored and reported by The United States Postal Service USPS. Copies are available from your Post Office or online at www.USPS.com. USPS Certified Mail™ is a registered trademark of The United States Postal Service. All rights reserved.
**Report Design Copyright 2022** Certified Mail Envelopes, Inc. www.Certified-Mail-Labels.com www.Certified-Mail-Envelopes.com
**Date Verified: 03/31/2022 01:23:08 (UTC)**

**UNITED STATES POSTAL SERVICE**

March 31, 2022

Dear Reference  Danielle Coakley:

The following is in response to your request for proof of delivery on your item with the tracking number:
**9414 8118 9876 5841 1889 35**.

| Item Details | |
| --- | --- |
| **Status:** | Delivered to Agent for Final Delivery |
| **Status Date / Time:** | March 30, 2022, 1:09 pm |
| **Location:** | MOORESVILLE, NC 28117 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | Edward Garcia Finish Line Trucking |

| Shipment Details | |
| --- | --- |
| **Weight:** | 5.0oz |

**Recipient Signature**

| Signature of Recipient: (Authorized Agent) | |
| --- | --- |
| Address of Recipient: | 100 OASIS DR MOORESVILLE, NC 28117 |

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

STATE OF SOUTH CAROLINA    )    IN THE COURT OF COMMON PLEAS
COUNTY OF AIKEN             )    FOR THE SECOND CIRCUIT
                                )
DANIELLE COAKLEY,         )
                                )    CASE NO. 2022-CP-02-00685
          PLAINTIFF,    )
                                )
v.                             )
                                )
                                )    <u>**CERTIFICATE OF SERVICE**</u>
ROBERT FRANKLIN YOUNG, and   )
FINISH LINE TRUCKING,       )
                                )
          DEFENDANTS.    )
_____)

Pursuant to SCRCP § 4(d)(8), the undersigned served Robert Franklin Young with a copy of the

Summons and Complaint along with Plaintiff's Interrogatories, Requests for Production, and

Requests for Admission in the above-referenced case by United States certified mail with return

receipt requested and delivered to Robert Franklin Young, located at 4836 Cheviot Road,

Charlotte, North Carolina, on **3/30/2022** as evidenced by the attached return of service.

This 4th day of April 2022.

THE MELONAKOS LAW FIRM        <u>s/ Ryan Alderson</u>
416 E. North Street                    Ryan Alderson, Esq.
Greenville, SC  29601              SC Bar No. 103126
864-485-5555                       Michael Melonakos, Esq.
864-752-1600 (Fax)                 SC Bar No. 100387
ryan@scinjuryattorney.com         *Attorneys for Plaintiff*
mike@scinjuryattorney.com

ELECTRONICALLY FILED - 2022 Apr 04 10:51 AM - AIKEN - COMMON PLEAS - CASE#2022CP0200685

## Electronic Delivery Confirmation™



**USPS CERTIFIED MAIL™**

The Melonakos Law Firm
416 E NORTH ST
GREENVILLE SC 29601-3005

**USPS CERTIFIED MAIL**

9414 8118 9876 5841 1883 86

Robert Franklin Young
4836 CHEVIOT RD
CHARLOTTE NC 28269-4521

$7.56   **US POSTAGE**
**FIRST-CLASS**
Mar 28 2022
Mailed from ZIP 29601
5 oz First-Class Mail Flats Rate

11923275



062S0012913542

| | |
|---|---|
| Reference | Danielle Coakley |
| USPS # | 9414811898765841188386 |
| USPS Mail Class | Certified with Return Receipt (Signature) |
| USPS Status | Your item was delivered to an individual at the address at 5:41 pm on March 30, 2022 in CHARLOTTE, NC 28269. |
| USPS History | Departed USPS Regional Facility, March 29, 2022, 9:55 pm, CHARLOTTE NC DISTRIBUTION CENTER |
| | Arrived at USPS Regional Facility, March 29, 2022, 9:37 am, CHARLOTTE NC DISTRIBUTION CENTER |
| | Arrived at USPS Regional Origin Facility, 03/28/2022, 10:08 pm, GREENVILLE SC DISTRIBUTION CENTER |
| | Accepted at USPS Origin Facility, March 28, 2022, 8:53 pm, GREENVILLE, SC 29601 |
| | Shipping Label Created, USPS Awaiting Item, March 28, 2022, 1:47 pm, GREENVILLE, SC 29601 |

**Electronic Delivery Confirmation Report © 2022 Certified Mail Envelopes, Inc. All rights reserved.**
The data collected for this mail label was authored and reported by The United States Postal Service USPS. Copies are available from your Post Office or online at www.USPS.com. USPS Certified Mail™ is a registered trademark of The United States Postal Service. All rights reserved.
**Report Design Copyright 2022** Certified Mail Envelopes, Inc. www.Certified-Mail-Labels.com www.Certified-Mail-Envelopes.com
**Date Verified: 03/31/2022 01:22:59 (UTC)**

ELECTRONICALLY FILED - 2022 Apr 04 10:51 AM - AIKEN - COMMON PLEAS - CASE#2022CP0200685

**UNITED STATES POSTAL SERVICE**

March 31, 2022

Dear Reference  Danielle Coakley:

The following is in response to your request for proof of delivery on your item with the tracking number: **9414 8118 9876 5841 1883 86**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | March 30, 2022, 5:41 pm |
| **Location:** | CHARLOTTE, NC 28269 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |
| **Recipient Name:** | Robert Franklin Young |

## Shipment Details

| | |
|---|---|
| **Weight:** | 5.0oz |

## Recipient Signature

Signature of Recipient:

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

ELECTRONICALLY FILED - 2022 Apr 04 10:51 AM - AIKEN - COMMON PLEAS - CASE#2022CP0200685

ELECTRONICALLY FILED - 2022 May 05 4:31 PM - AIKEN - COMMON PLEAS - CASE#2022CP0200685

STATE OF SOUTH CAROLINA                 )        IN THE COURT OF COMMON PLEAS
COUNTY OF AIKEN                         )
                                        )
Danielle Coakley,                       )        C/A No.: 2022-CP-02-0685
                                        )
                    Plaintiff,          )
                                        )
            v.                          )              **ANSWER**
                                        )
 Robert Franklin Young and              )
Finish Line Trucking,                   )
                                        )
_____Defendants._)

TO:    RYAN P. ALDERSON, ESQUIRE, ATTORNEY FOR PLAINTIFF:

       The Defendants Robert Franklin Young and Finish Line Trucking, by and through their

undersigned attorneys, not waiving but specifically reserving their right to be heard under all Rule

12 Motions, answering the Complaint herein, would respectfully show unto the Court that:

                              **<u>FOR A FIRST DEFENSE</u>**

       1.     Each and every allegation contained within Plaintiff's Complaint not hereafter

admitted, specified, qualified, or explained is denied.


       2.     Defendants lack sufficient information to admit or deny the allegations contained

in Paragraph 1.


       3.     Defendants lack sufficient information to admit or deny the allegations contained

in Paragraphs 2, 3, and 4 of the Complaint.


       4.     Paragraph 5 of the Complaint contains a legal conclusion to which no response is

required. To the extent Paragraph 5 of the Complaint contains allegations which require a response,

Defendants deny such allegations and demand strict proof thereof.


       5.     Defendants lack sufficient information to admit or deny the allegations contained

in Paragraph 6 of the Complaint and therefore deny the same.

                                          1

ELECTRONICALLY FILED - 2022 May 05 4:31 PM - AIKEN - COMMON PLEAS - CASE#2022CP0200685

6.    Defendants lack sufficient information to admit or deny the allegations contained in Paragraphs 7, 8, and 9 of the Complaint.

7.    Defendants deny the allegations contained in Paragraph 10 of the Complaint and demand strict proof thereof.

8.    Defendants lack sufficient information to admit or deny the allegations contained in Paragraphs 11, 12, 13, and 14 of the Complaint and therefore deny the same.

9.    Defendants deny the allegations contained in Paragraphs 15, 16, and 17 of the Complaint and demand strict proof thereof.

10.    Paragraph 18 of the Complaint can be neither admitted nor denied. Defendants reincorporate and reassert their answers to the allegations of the Complaint herein.

11.    Defendants deny the allegations contained in Paragraphs 19, 20, 21, and 22 of the Complaint, including any and all subparts, and demand strict proof thereof.

12.    Paragraph 23 of the Complaint can be neither admitted nor denied. Defendants reincorporate and reassert their answers to the allegations of the Complaint herein.

13.    Defendants deny the allegations contained in Paragraphs 24, 25, 26, 27, 28, 29, 30, and 31 of the Complaint and demand strict proof thereof.

14.    Paragraph 32 of the Complaint can be neither admitted nor denied. Defendants reincorporate and reassert their answers to the allegations of the Complaint herein.

15.    Defendants deny the allegations contained in Paragraphs 33 and 34 of the Complaint and demand strict proof thereof.

16.     Defendants deny the remaining allegations of the Complaint, including Plaintiff's "WHEREFORE," paragraph praying for actual damages, punitive damages, nominal damages, costs, and other such relief and prays that the action against Defendants be dismissed.

## FOR A SECOND DEFENSE

7.     The Complaint fails to state a cause of action against the Defendants.

## FOR A THIRD DEFENSE

8.     The Complaint fails to state a claim against the Defendants upon which relief can be granted.

## FOR A FOURTH DEFENSE

9.     Such injuries or losses as the Plaintiffs sustained, if any, and the same are hereby expressly denied, were due to and caused by the contributory negligence, carelessness, recklessness and wantonness of Plaintiff and the Defendants plead Plaintiff's contributory negligence as a complete bar to the action.

## FOR A FIFTH DEFENSE

10.     In the alternative, the Defendants would further show, upon information and belief, and in the alternative, that if the Defendants were negligent, which the Defendants deny, then Plaintiff was likewise negligent and Plaintiff's negligence, carelessness and recklessness directly and proximately caused Plaintiff's damages and injuries and that Plaintiff's negligence, carelessness and recklessness exceed any negligence, carelessness or recklessness on the part of the Defendants and therefore, the Defendants plead that Plaintiff's greater degree of comparative fault as a complete bar to Plaintiff's recovery against the Defendants.

ELECTRONICALLY FILED - 2022 May 05 4:31 PM - AIKEN - COMMON PLEAS - CASE#2022CP0200685

ELECTRONICALLY FILED - 2022 May 05 4:31 PM - AIKEN - COMMON PLEAS - CASE#2022CP0200685

## FOR A SIXTH DEFENSE

11.     In the alternative, if the Defendants were negligent in any respect, which is expressly denied, and if the Defendants' conduct operated as any cause of the Plaintiff's injuries or damages, if any, which is also expressly denied, Defendants are entitled to a determination as to the percentage of the Plaintiff's negligent, grossly negligent, reckless, willful and wanton conduct contributed to this incident and to a reduction of any amount awarded to the Plaintiff equal to the percentage of Plaintiff's own negligence, gross negligence, recklessness, willful and wanton conduct.

## FOR A SEVENTH DEFENSE

12.     Defendants deny any negligence whatsoever and allege that the sole negligent acts and omissions of Plaintiff were the sole and proximate cause of her own injuries and damages, if any.

13.     These acts and omissions by Plaintiff were the sole and proximate cause of her injuries and damages, if any, and therefore, the action against the Defendants should be dismissed.

## FOR AN EIGHTH DEFENSE

14.     The Defendants deny any negligence whatsoever and allege that the sole negligent acts of a third party or parties were the sole and proximate cause of injuries and damages to the Plaintiff, if any, and any one or more of those parties caused the injuries and damages to the Plaintiff.

15.     These acts and omissions by the third party or parties were the sole and proximate cause of any injuries or damages to the Plaintiff and therefore the action against the Defendants should be dismissed.

ELECTRONICALLY FILED - 2022 May 05 4:31 PM - AIKEN - COMMON PLEAS - CASE#2022CP0200685

**FOR A NINTH DEFENSE**

16.     The Defendants allege that even if they were negligent and reckless in any respect, which is expressly denied, they are not liable to the Plaintiffs for the resulting damages, if any, because of the intervening negligent, grossly negligent, reckless, willful and wanton acts of third parties, including those parties whose identities are unknown at the present time, which negligent and reckless acts on their part were not reasonably foreseeable, and intervened and acted as the direct and proximate cause of the damages, if any, sustained by the Plaintiff.

17.     The Defendants assert that the intervening acts of a third party or parties were the sole and proximate cause of injuries to the Plaintiff and the action should be dismissed.

**FOR A TENTH DEFENSE**

18.     In the alternative, the Defendants allege that Defendant Young was suddenly placed in a sudden emergency to act instantly to avoid further damages and collisions with other vehicles on the roadway or to maintain control of the truck in adverse conditions and that he acted reasonably in light of the emergency. The Defendants further allege that the sudden emergency was not caused or contributed to by the Defendants and that in meeting the emergency he acted as a person of reasonable prudence would or might have acted under the same or similar circumstances. Accordingly, the Complaint should be dismissed.

**FOR AN ELEVENTH DEFENSE**

19.     The Defendants would show upon information and belief that the accident alleged in the Complaint was an accident which was allegedly brought about by acts and events over which the Defendants had no control, which the Defendants could not have foreseen, and which the

ELECTRONICALLY FILED - 2022 May 05 4:31 PM - AIKEN - COMMON PLEAS - CASE#2022CP0200685

Defendant had no role in causing, and the Defendants, therefore, plead the defense of unavoidable accident as it pertains to the Defendants.

<h3 align="center">FOR A TWELFTH DEFENSE</h3>

20.     The Plaintiff, at all times mentioned in the Complaint, having full knowledge of conditions existing at or near the place where the alleged incident occurred, assumed the risk of injury to herself and others, in failing to use due care, in failing to keep a proper lookout, in failing to exercise a degree of care and caution that a reasonably prudent person would have used under the circumstances then and there prevailing, and such other acts as may be discovered during the litigation of this matter; any injury or damages resulting from the incident complained of was sustained by Plaintiff by reason of such assumption of risk to herself or otherwise, and therefore, Plaintiff is barred from recovery.

<h3 align="center">FOR A THIRTEENTH DEFENSE</h3>

21.     The Defendants assert that any award of punitive damages, which is hereby denied, is capped, or limited, by South Carolina law to an amount not to exceed three (3) times the actual damages, if any.

<h3 align="center">FOR A FOURTEENTH DEFENSE</h3>

22.     The Defendants would show the Plaintiff's claim for punitive damages is violative of the due process and equal protection laws of the United States Constitution and the Constitution of the State of South Carolina.

[SIGNATURE BLOCK APPEARS ON FOLLOWING PAGE]

6

WHEREFORE, having fully answered the Complaint of the Plaintiff, Defendant Young and Defendant Finish Line Trucking pray that the Plaintiff's action be dismissed, or in the alternative for a jury trial and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

*s/Jacob A. Biltoft*
Daniel R. Settana, Jr. (SC Bar No.: 64869)
Jacob A. Biltoft (SC Bar No.: 105349)
The McKay Firm, P.A.
3700 Forest Dr., Suite 404 (29204)
P.O. Drawer 7217
Columbia, SC 29202
(803) 256-4645
Attorneys for Defendants

Columbia, South Carolina
May 5, 2022

ELECTRONICALLY FILED - 2022 May 05 4:31 PM - AIKEN - COMMON PLEAS - CASE#2022CP0200685



# S. C. DEPARTMENT OF
# MOTOR VEHICLES

OFFICE OF GENERAL COUNSEL
*P.O. Box 1498, Blythewood, S.C. 29016: (803) 896-9900, Fax :( 803) 896-9901*

May 17, 2022                              **USPS Tracking # 7021 0950 0001 8926 7179**

Finish Line Trucking
c/o Resident Agent
Edward Garcia
100 Oasis Drive
Mooresville, NC 28117

Re: *Danielle Coakley v. Robert Franklin Young and Finish Line Trucking*
    Case No.: 2022-CP-02-00685, DMV 22-218

Dear Sir/Madam:

In accordance with the provisions of Section 15-9-350 or 15-9-360 of the Code of Laws of South Carolina (1976), this office has received the enclosed **Summons and Complaint** in the above-referenced action. Under South Carolina law, this has the same legal effect as if you had been served with these documents personally.

Section 15-9-350 of the 1976 Code of Laws of South Carolina, as amended, provides that:

> "The acceptance by a nonresident of the rights and privileges conferred by the laws in force in this State permitting the operation of motor vehicles, as evidenced by the operation of a motor vehicle by such nonresident on the public highways, the streets of any incorporated municipality or the public roads of this State or anywhere within this State, or the operation by such nonresident of a motor vehicle on any such public highways, streets, or public roads or anywhere within this State other than as so permitted or regulated shall be deemed equivalent to the appointment by such nonresident of the Director of the Department of Motor Vehicles or of his successor in office to be his true and lawful attorney upon whom may be served all summons or other lawful process in any action or proceeding against him growing out of any accident or collision in which such nonresident may be involved by reason of the operation by him, for him or under his control or direction, express or implied, of a motor vehicle on such public highways, Streets, or public roads or anywhere within this State. Such acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served on him personally."

Section 15-9-360 of the 1976 Code of Laws of South Carolina, as amended, provides that:

> "The acceptance by a nonresident motor carrier of the rights and privileges conferred by the laws now or hereafter in force in this State, permitting the operation of motor vehicles as evidenced by the operation of a motor vehicle by such nonresident either personally or through an agent or employee on the public

COPY

ELECTRONICALLY FILED - 2022 May 24 9:44 AM - AIKEN - COMMON PLEAS - CASE#2022CP0200685

highways in this State, or the operation of such nonresident either personally or through an agent, lessee, or employee, of a motor vehicle on the public highways of this State other than as so permitted or regulated, shall be deemed equivalent to the appointment by such nonresident motor carrier of the Director of the Department of Motor Vehicles, or his successor in office, to be his true and lawful attorney and the attorney of his executor or administrator, upon whom may be served all summonses or other lawful process or notice in any action, assessment proceeding, or other proceeding against him or his executor or administrator, arising out of or by reason of any provisions in Chapter 31 of Title 12 relating to such vehicle or relating to the liability for tax with respect to operation of such vehicle on the highways of this State. Acceptance or operation shall be a signification by such nonresident motor carrier of his agreement that any such process against or notice to him or his executor or administrator shall be of the same legal force and validity as if served on him personally or on his executor or administrator. All of the provisions of Sections 15-9-370, 15-9-380, and 15-9-350 shall be applicable with respect to the service of process or notice pursuant to this section."

Sincerely,

Natasha Thomas, Paralegal
Office of General Counsel
For: Director, South Carolina Department of Motor Vehicles

Enclosure

cc:     Ryan P. Anderson, Esquire
        416 E. North Street
        Greenville, SC 29601

ELECTRONICALLY FILED - 2022 May 24 9:44 AM - AIKEN - COMMON PLEAS - CASE#2022CP0200685



# S. C. DEPARTMENT OF
# MOTOR VEHICLES

OFFICE OF GENERAL COUNSEL
*P.O. Box 1498, Blythewood, S.C. 29016: (803) 896-9900, Fax :( 803) 896-9901*

May 17, 2022                          **USPS Tracking # 7021 0950 0001 8926 7186**

Robert Franklin Young
4836 Cheviot Road
Charlotte, NC 28269

**Re:**  ***Danielle Coakley v. Robert Franklin Young and Finish Line Trucking***
      **Case No.: 2022-CP-02-00685, DMV 22-219**

Dear Sir/Madam:

In accordance with the provisions of Section 15-9-350 or 15-9-360 of the Code of Laws of South
Carolina (1976), this office has received the enclosed **Summons and Complaint** in the above-
referenced action. Under South Carolina law, this has the same legal effect as if you had been
served with these documents personally.

Section 15-9-350 of the 1976 Code of Laws of South Carolina, as amended, provides that:

> "The acceptance by a nonresident of the rights and privileges conferred by the
> laws in force in this State permitting the operation of motor vehicles, as evidenced
> by the operation of a motor vehicle by such nonresident on the public highways,
> the streets of any incorporated municipality or the public roads of this State or
> anywhere within this State, or the operation by such nonresident of a motor
> vehicle on any such public highways, streets, or public roads or anywhere within
> this State other than as so permitted or regulated shall be deemed equivalent to the
> appointment by such nonresident of the Director of the Department of Motor
> Vehicles or of his successor in office to be his true and lawful attorney upon
> whom may be served all summons or other lawful process in any action or
> proceeding against him growing out of any accident or collision in which such
> nonresident may be involved by reason of the operation by him, for him or under
> his control or direction, express or implied, of a motor vehicle on such public
> highways, Streets, or public roads or anywhere within this State. Such acceptance
> or operation shall be a signification of his agreement that any such process against
> him shall be of the same legal force and validity as if served on him personally."

Section 15-9-360 of the 1976 Code of Laws of South Carolina, as amended, provides that:

> "The acceptance by a nonresident motor carrier of the rights and privileges
> conferred by the laws now or hereafter in force in this State, permitting the
> operation of motor vehicles as evidenced by the operation of a motor vehicle by
> such nonresident either personally or through an agent or employee on the public
> highways in this State, or the operation of such nonresident either personally or
> through an agent, lessee, or employee, of a motor vehicle on the public highways

COPY

of this State other than as so permitted or regulated, shall be deemed equivalent to the appointment by such nonresident motor carrier of the Director of the Department of Motor Vehicles, or his successor in office, to be his true and lawful attorney and the attorney of his executor or administrator, upon whom may be served all summonses or other lawful process or notice in any action, assessment proceeding, or other proceeding against him or his executor or administrator, arising out of or by reason of any provisions in Chapter 31 of Title 12 relating to such vehicle or relating to the liability for tax with respect to operation of such vehicle on the highways of this State. Acceptance or operation shall be a signification by such nonresident motor carrier of his agreement that any such process against or notice to him or his executor or administrator shall be of the same legal force and validity as if served on him personally or on his executor or administrator. All of the provisions of Sections 15-9-370, 15-9-380, and 15-9-350 shall be applicable with respect to the service of process or notice pursuant to this section."

Sincerely,

Natasha Thomas, Paralegal
Office of General Counsel
For: Director, South Carolina Department of Motor Vehicles

Enclosure

cc:     Ryan P. Anderson, Esquire
        416 E. North Street
        Greenville, SC 29601

ELECTRONICALLY FILED - 2022 May 24 9:46 AM - AIKEN - COMMON PLEAS - CASE#2022CP0200685



# S. C. DEPARTMENT OF
# MOTOR VEHICLES

OFFICE OF GENERAL COUNSEL
*P.O. Box 1498, Blythewood, S.C. 29016; (803) 896-9900, Fax: 896-9901*

May 25, 2022

Ryan P. Anderson, Esquire
416 E. North Street
Greenville, SC 29601

**Re:**  *Danielle Coakley v. Robert Franklin Young and Finish Line Trucking*
      *Case No.: 2022-CP-02-00685, DMV 22-218*

To whom it may Concern:

Enclosed is the return receipt card regarding the above-referenced matter. This card indicates service was made on Defendant Finish Line Trucking. The signed card was received in this office on May 24, 2022.

If you have any questions, please contact me at natasha.thomas@scdmv.net.

Sincerely,

Natasha D. Thomas, Paralegal
Office of General Counsel
For: Director, South Carolina Department of Motor Vehicles

ELECTRONICALLY FILED - 2022 May 31 10:20 AM - AIKEN - COMMON PLEAS - CASE#2022CP0200685

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   **Finish Line Trucking**
   **c/o Resident Agent**
   **Edward Garcia**
   **100 Oasis Drive**
   **Mooresville, NC 28117**

2. Article Number *(Transfer from service label)*

   7021 0950 0001 8926 7179

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                          ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Brian Garcia

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                    ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery ☐ Signature Confirmation™
☐ Collect on Delivery                ☐ Signature Confirmation Restricted Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)

Domestic Return Receipt

PS Form **3811**, July 2020 PSN 7530-02-000-9053

USPS TRACKING #

CHARLOTTE NC 280

25 MAY 2022 PM 4 L

9590 9402 7292 2028 3397 24

**United States Postal Service**

RECEIVED
MAY 2 2022
DMV
GENERAL COUNSEL

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

SC Department of Motor Vehicles
**Office of General Counsel**
Post Office Box 1498
Blythewood, SC 29016-0020

ELECTRONICALLY FILED - 2022 May 31 10:20 AM - AIKEN - COMMON PLEAS - CASE#2022CP0200685